## INCHOATE DOWER OF WIFE.

Circuit Court of Wayne County.

SUSAN KAUFMAN v. HENRY B. HECKMAN.*

*Dower—Inchoate Right of Wife not Barred—By Sale of Lands by a Judgment Creditor—Notwithstanding Mortgage in Which She Had Joined Was Set up by Way of Cross-Petition—Wife's Equity of Redemption not Foreclosed, When—Pleading—Summons—Redemption.*

1. Where the judgment creditor of a husband brings an action to marshal liens and sell the real estate of the husband, summoning the wife, but seeking no relief against her; and a mortgagee is also made a party defendant, and files a cross-petition asking for a sale of the property, but issues no summons for the wife, who signed the mortgage but who in no way enters her appearance or participates in the proceeding, and a decree is entered ordering a sale of the property under the judgment creditor's petition, and the mortgagee's cross-petition, which is accordingly done, the wife's equity or redemption is not foreclosed, nor are her rights in the real estate extinguished.

2. Where, after the sale of the property, the husband dies and the mortgagee's claim has been barred by the statute of limitation, the wife may, without redeeming, assert her right of dower in said property and have the same set off to her.

*M. L. Spooner*, for plaintiff.
*Weiser & Ross*, contra.

OPINION ON DEMURRER TO ANSWER.

Decided, February Term, 1908.

TAGGART, J.; CRAINE, J., concurs; DONAHUE, J., dissents.

This case comes into this court by appeal from the court of common pleas. The plaintiff filed her petition for dower, the averments of which are very brief.

She avers that on or about the 19th of April, 1870, she was married to one Thomas Kaufman, who, on or about the 26th day of March, 1907, died leaving plaintiff as his widow, and that

* Affirmed by the Supreme Court without opinion, June 14, 1910.

during coverture he was seized of the premises described in the petition, and that defendant is the owner of said premises.

The defendant admits the marriage, admits the death, admits that he is the owner and in possession of the property; but denies that plaintiff is entitled to dower in the lands; and avers that during the lifetime of the said Thomas Kaufman, the plaintiff, was barred of dower in said lands. He then proceeds to say that on the 6th day of October, 1877, the plaintiff, with her husband, joined in a mortgage duly acknowledged, executed and delivered to one Daniel Hiner, and thereby conveyed to the said Daniel Hiner by said mortgage deed the lands in the petition described. That said mortgage was duly recorded in the office of the recorder in Wayne county, Ohio, on the 6th day of October, 1877. That said mortgage had written therein a condition of defeasance conditioned that the said Thomas Kaufman should pay and protect the said mortgagee, Daniel Hiner, from liability as in said deed stipulated, and upon failure to so do that said mortgage should become absolute.

Defendant further avers that one Warren Aylesworth by the consideration of the Court of Common Pleas of Wayne County, Ohio, duly recovered a judgment against the said Thomas Kaufman, and caused an execution to be issued and the same was levied upon the lands in the petition described.

That thereafter, to-wit, on the 20th day of November, 1877, said Warren Aylesworth filed his petition in the Court of Common Pleas of Wayne County, Ohio; said Thomas Kaufman and plaintiff herein, together with other numerous persons were the defendants; the object, purpose and prayer of the petition of the said Warren Aylesworth being the marshalling of the various liens, either by judgment or otherwise, upon the lands of said Thomas Kaufman and subjecting them to sale in satisfaction of the liens thereon.

That in said cause the plaintiff herein was duly notified by service of summons of the pendency of such action and thereby had due notice of the claims of said Daniel Hiner by way of mortgage lien upon the lands in the petition described, and had due notice of the pendency of such action, and that the sale neces-

sarily affected her inchoate right of dower in and to said premises.

The answer then proceeds to say that the said Daniel Hiner was made a party defendant in said suit, and was duly served with process, requiring him to appear and answer therein setting up his claims in and to the lands in question.

The defendant avers that thereafter in the proceedings in the court of common pleas there was a decree of foreclosure in said cause, foreclosing the mortgage of said Hiner and foreclosing the equity of redemption of said Thomas Kaufman and Susan Kaufman, and which decree further provided that unless the said Thomas Kaufman and Susan Kaufman should within one day from the entry of said decree pay or cause to be paid the amount found due said mortgagee, Hiner, the equity of redemption be foreclosed and the lands in the petition described should be sold by the sheriff of Wayne county, Ohio, in satisfaction thereof. That such sale was by the sheriff duly made, and that one Zimmerman became the purchaser of the lands in the petition described. He further avers that out of the proceeds of such sale, which included the interest of the plaintiff herein, the indebtedness to said Hiner on his said mortgage was ordered by the court to be paid, and the same was paid out of said proceeds. And that in consequence of that proceeding the plaintiff became and was barred of her inchoate right of dower.

To this answer a general demurrer is filed, and it is submitted upon this general demurrer.

Briefly summarized, this case presents the following legal proposition: Thomas Kaufman was seized of these lands; Susan Kaufman was his wife. Warren Aylesworth was a judgment creditor of Thomas Kaufman, and brought proceedings to marshal liens, but so far as this case is concerned it simply appears that it was brought to subject the lands of Thomas Kaufman to sale for the satisfaction of the liens that were upon them created by Thomas Kaufman. This petition does not aver that it was necessary, or brought to subject any interest which Mrs. Kaufman might have in this property. That is to say, the petition does not aver that a complete sale of the premises can not be had, nor is there any averment in that petition that it was necessary to sell the entire estate for the satisfaction of these claims.

Therefore, the majority of the court think the legal propositions involved are controlled by the cases of *Jewett* v. *Feldheiser*, 68 O. S., 523, and *Southward* v. *Jamison*, 66 O. S., 290.    The 68th Ohio State controls this case thus far:    ''The inchoate dower of the wife is not a lien upon the land of the husband, but an interest in it.''    Susan Kaufman had an inchoate right of dower in this land, an interest in the land.

As I have indicated, this answer simply states that that suit was brought by a judgment creditor to marshal liens, but there was no proper sufficient averment in that petition that it was brought for the purpose of affecting or barring by foreclosure the inchoate dower of the wife.

This case is very decisive as to the duty of the wife to redeem. It says that in cases of this kind a wife is not entitled to or required to redeem a mortgage so as to be entitled to dower.

In the further analysis of this answer we find that there is no averment that we can construe as an averment that there was a summons issued on that cross-petition.    There is an averment in this answer about which the court is somewhat in doubt, ''that in such cause the said plaintiff herein was duly notified by service of summons of the pendency of said action and thereby had due notice of the claim of said Daniel Hiner.''    But in the argument of this case we understand counsel do not claim that this averment in the answer is broad enough to indicate that a summons was issued on the cross-petition of Hiner, and inform us that such was not the case, and that Hiner's cross-petition was filed some fifteen days after rule day for answer to the petition.    We think the true construction of this language is, that simply a summons was issued on the petition of Aylesworth.    And it is then claimed that therefore Susan Kaufman had due notice of the claim of. Daniel Hiner.

We now come to the 66th Ohio State, at page 290:

''So long as a cross-petition in an action is strictly confined to 'matters in question in the petition,' the summons issued on the petition would be sufficient notice to sustain a judgment rendered on the cross-petition; but when the cross-petition sets up matters which are not drawn 'in question in the petition' and seeks affirmative relief against a co-defendant of a nature different from

that sought in the petition, a summons to the party to be charged, issued on the petition, will not confer jurisdiction to render judgment on the cross-petition, especially when the cross-petition is filed after the defendant thereto is in default for answer to the petition, and a summons on the cross-petition in such case is necessary.''

This action that is set up in the answer here, being simply for the marshalling of liens upon Thomas Kaufman's land, the cross-petition that was filed by Daniel Hiner would, so far as the husband was concerned, be ''matters in question in the petition,'' because the ''matters in question in the petition'' was the sale of the husband's land. And the majority of the court do not believe that with that petition filed that the sale of the wife's interest in that land would be matters germain, but on the contrary the matters that would be set out by Daniel Hiner in his cross-petition averring the execution and delivery of this mortgage, and that they were in default thereof, and that he was entitled to foreclosure and sale of these premises, would not be brought in question by the averment in that petition, and would be of a nature different from that set out in the petition; but that to bind her a summons on the cross-petition would have to be issued and served; and that if a judgment was taken upon that cross-petition while it might be a valid judgment against the husband, yet it would not be valid as against the wife, and consequently her inchoate right of dower would not be barred. As reflecting upon the opinion and belief of the majority of the court, and as to the sufficiency of this answer we call attention to the case of *Spoors* v. *Coen*, 44 O. S., on page 502:

''But a judgment rendered by a court of competent jurisdiction in a case brought before it, however erroneously the jurisdiction may have been exercised, is one thing, and a judgment entered by a court of like jurisdiction in a case not before it, is another and a different thing. In the one case its judgment may be erroneous, in the other it is void. To bring a cause before a court, competent to adjudicate it, it is not only necessary that the parties should be in *jus vocatio*, cited or summoned in the manner required by the law of procedure, but a case must also be made, or stated, affecting the party against whom relief is asked. The power to hear and determine a cause is defined to be jurisdictional

(*Freeman on Judg.*, Sec. 118). And, to use the language of Ranney, J., in *Sheldon* v. *Newton*, 3 O. S., 494, 'It is *coram judice* whenever a case is presented that brings its power into action.' But he adds, 'before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; *that such complaint has actually been preferred* and that such person or thing has been properly brought before the tribunal to answer the charge therein contained.' The italics are our own, to call attention to the clause applicable to the question in the case before us.''

We think that there was nothing in the case of *Aylesworth* v. *Kaufman* which is sought to be set up in this answer which called upon Mrs. Kaufman to answer that petition, and unless there was a summons issued upon that cross-petition that she would not be concluded by any judgment that was in the case. In the opinion of the majority of this court the demurrer to the answer will be sustained, and leave given to file an amended answer within sixty days; exceptions.

## OPINION ON MERITS.

### Decided, September Term, 1908.

CRAINE, J.; TAGGART, J., concurs; DONAHUE, J., dissents.

One Aylesworth, a judgment creditor of Thomas Kaufman, brought an action in the Court of Common Pleas of Wayne County, Ohio, for the purpose of marshaling liens and selling the real estate of Thomas Kaufman, and in such proceeding made the plaintiff herein a party defendant and served her with summons, but asked no affirmative relief against her. One Hiner, a mortgagee, whose mortgage had been signed by Thomas Kaufman and the plaintiff, was made a party defendant in said proceeding, and filed a cross-petition in which he asked that Thomas Kaufman's and plaintiff's equity of redemption be foreclosed, and that the property be sold under his cross-petition; but said Hiner did not make the plaintiff a party to his cross-petition, nor did he have any summons served upon her, nor did she in any way enter her appearance in the case, or participate in said proceedings.

A decree was entered directing that the property be sold under the petition of Aylesworth and the cross-petition of Hiner, which was accordingly done, and the purchaser put in possession of the property.

Fifteen years having expired from the time the mortgage debt became due, and Thomas Kaufman having died, the plaintiff in this action brought suit in the court of common pleas against the defendant, Henry B. Heckman (who in the meantime had purchased the property), asking that her right of dower in the real estate be set off to her, and the court of common pleas having found in her favor, an appeal was taken to this court, where the case was presented on an agreed statement of facts, substantially as above set forth.

The defendant claims, first, that the plaintiff's right of dower was barred by the original action in the court of common pleas, brought by Aylesworth against Kaufman et al; and second, that even if her right of dower was not barred, her remedy is by redemption.

A majority of this court are of the opinion that the defendant is wrong in both propositions.

Whilst in the original case the plaintiff in this action was served with a summons issued on the petition of Aylesworth, that summons simply notified her that Aylesworth had brought suit to sell the *husband's* interest in the real estate. Aylesworth had no claim against her interest in the real estate, nor was he trying to sell the same; hence, so far as that summons was concerned, there was nothing for her to answer to, and no cause for her appearance in court. Nothing in the record indicates that she even knew that Hiner had filed a cross-petition, or that he was claiming anything against her rights. The sole question of the case then is, was she bound to take notice of the cross-petition of Hiner?

In *Southward* v. *Jamison*, 66 O. S., 290, the first paragraph of the syllabus reads as follows:

"So long as a cross-petition in an action is strictly confined to matters 'in question in the petition,' the summons on the petition would be sufficient notice to sustain a judgment rendered on the cross-petition; but when the cross-petition sets up matters which are not drawn 'in question in the petition,' and seeks

affirmative relief against a co-defendant, of a nature different from that sought in the petition, a summons to the party to be charged, issued on the petition, will not confer jurisdiction to render judgment on the cross-petition, especially when the cross-petition is filed after the defendant there is in default for answer to the petition, and a summons on the cross-petition for such case is necessary."

In the case at bar the cross-petition was not confined "to matters in question in the petition"; but on the contrary the cross-petition set up matter which was not drawn "in question in the petition" and sought affirmative relief against the plaintiff herein, Susan Kaufman, different in nature from that in the petition.

Another case is *Jewett* v. *Feldheiser*, 68 O. S., 523, which we think fully supports our holding on this first proposition, which is worthy of a careful examination; and on the two authorities above cited, as well as on principle, we think the rights of Susan Kaufman were not barred in the action under which the real estate was sold.

The defendant, however, contends that even if Susan Kaufman's rights were not barred by the original action, still her right of dower can not be assigned to her; but that if she has any remedy, it is simply the right to redeem; in other words, she must pay off the mortgage debt before she can have her dower assigned.

The well-settled doctrine in this state is, that the mortgage is regarded in equity as a security for the debt, and that the legal title to the mortgaged premises remains in the mortgagor until condition broken, and that after condition broken the legal title vests in the mortgagee. If the mortgagee gets the legal title by condition broken, and then gets the right of possession by ejectment, or some other legal means, he then has the legal title and the right of possession, which vests an absolute estate in him; but for all that, he holds the legal title and possession as a security for the debt. In the case at bar, the conditions of the mortgage were broken, and by that act the legal title vested in the mortgagee, and the real estate having been sold under the cross-petition of the mortgagee, as well as the petition of Aylesworth, the purchaser of the property acquired both the legal title and the right of possession of Thomas Kaufman; but he did not ac-

quire the right of possession of Susan Kaufman by that purchase, because she had no possessory right at that time to acquire, and because she was not in court. Her right to possession first sprang into existence by the death of her husband, and since that time her right of possession has in no manner been acquired by the defendant.

We would accept the doctrine of the defendant, that her remedy is to redeem the property, were it not for the fact that the mortgage debt has been barred by the statute of limitations, and hence there is nothing for her to redeem. The debt, for which her dower was pledged as security having been eliminated by the statute of limitations, there is no occasion for holding her dower longer. The security dies with the debt.